UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JOSE MARCOS LEPE RODRIGUEZ | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-cv-279 |
| | ) | 3:04-cr-005 |
| | ) | *Phillips* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Petitioner has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is DIRECTED to serve a copy of the motion and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute marijuana, and was sentenced to a term of imprisonment of 87 months. The sentence was based upon a total offense level of 27, with a criminal history category of III, resulting in a guideline sentence range of 87 to 108 months. Petitioner's total offense level included a three-level reduction for acceptance of responsibility. Petitioner did not appeal his sentence.

Petitioner now claims that he should have been sentenced to 57 months, based upon a total offense level of 23. According to petitioner, the amount of marijuana for which he was responsible was at least 100 kilograms but less than 400 kilograms, which equals a base offense level of 26. With the three-level reduction, the total offense level would then have been 23, which equates to a guideline range of 57 to 71 months based upon his criminal history category.

In his Plea Agreement, petitioner agreed to plead guilty to conspiring to distribute "in excess of one-hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana." [Criminal Action No. 3:00-cr-29, Court File No. 19, Plea Agreement, p. 1]. He acknowledged he was facing a statutory sentence of five to 40 years. [*Id.*, p. 2]. In the Factual Basis supporting, and made a part of, the Plea Agreement, petitioner stipulated that he would "be personally responsible for at least seven-hundred (700) kilograms of marijuana, but less than one-thousand (1,000) kilograms of marijuana." [*Id.*, Court File No. 20, Factual Basis, p. 1].

Under the sentencing guidelines, the base offense level for offenses involving at least 700 kilograms but less than 1,000 kilograms of marijuana is 30. USSG §2D1.1(c)(5). Given the three-level reduction for acceptance of responsibility, the guideline sentencing range for a defendant with a total offense level of 27 and a criminal history category of III is 87 to 108 months. USSG Ch.5, Pt.A, Sentencing Table. Accordingly, petitioner was properly sentenced to a term of imprisonment of 87 months.

It plainly appears from the face of the motion and the prior proceedings in the case that petitioner is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE. The petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER**.

                                                      s/ Thomas W. Phillips
                                                     United States District Judge

3

Case 3:05-cv-00279   Document 2   Filed 06/08/05   Page 3 of 3   PageID #: 3